## ONDERDONK *v.* FANNING and another.

*(Circuit Court, E. D. New York.  July 1, 1881.)*

1. LETTERS PATENT—LEMON SQUEEZERS—INFRINGEMENT.

Letters patent No. 217,519, granted to Josephine P. Fanning and Isaac Williams, for an improvement in lemon squeezers, being a patent for a combination, one of whose essential elements is a bed on which the lemon is to rest while subjected to pressure, with holes in it to allow the juice of the lemon to pass through into a concentrator below, are not infringed by a machine of which the bed on which the lemon rests while subjected to pressure is solid, with a grooved or corrugated surface so constructed that the juice is conducted to the edge of the bed, where it passes into the concentrator around the bed by running between the edge of the bed and the rim of the concentrator.

*Foster, Wentworth & Foster,* for complainant.

*E. H. Brown,* for defendant.

BENEDICT, D. J.   This action is founded upon a patent owned by the plaintiff, No. 217,519, originally issued to Josephine P. Fanning and Isaac Williams, as assignee of the defendant John Fanning, for an improvement in lemon squeezers.   The allegation of the bill is that the defendant makes and sells a lemon squeezer similar to that described in the plaintiff's patent.   The defendaint, among other things, denies that the machine he makes is similar to that secured by the patent.

The patent sued on has been before this court in a former action between these same parties.   In that case the infringing machine was different from the machine now complained of, and then a preliminary injunction was granted the plaintiff upon the ground that the circumstances attending the sale of the patent by the defendant to the plaintiff rendered it proper to compel the defendant to refrain from making machines like those there complained of during the pendency of the suit.   This was the extent of the adjudication made in the former action.  The final decree subsequently entered in that action was upon the consent of the parties, and not upon any determination of the court, either in respect to the validity of the patent sued on, or the character of the alleged infringement.

In the present case, the questions respecting the validity of the plaintiff's patent are the same as in the former action, but the question of infringement is different.   The latter question is the only one necessary to be determined on this occasion, in the view I take of the case, and this opinion will therefore proceed upon the assumption that the patent sued on secures to the plaintiff an exclusive

right to the invention which his patent describes. This patent is for a combination, the elements of which are conceded to be old. It contains four clauses, as follows:

"*First,* in a lemon squeezer, the convex perforated bed to receive the lemon, in combination with a concave presser, substantially as specified; *second,* in a lemon squeezer, the convex bed, with a rim around the same, and perforated, in combination with the concentrator below the perforated bed, to receive the juice and pass the same to the tumbler or other vessel, substantially as set forth; *third,* the combination, in a lemon squeezer, of the convex perforated bed, *a,* concentrator, *c,* supporting ring, *e,* standard, *d,* guide-rods, *n,* cup and actuating mechanism, substantially as set forth; *fourth,* the combination, in a lemon squeezer, of the removable convex perforated bed, the supporting ring, *e,* standard, *d,* lever, *g,* link, *l,* and presser-cup, substantially as described.

In each of these claims the bed upon which the lemon rests while subjected to pressure is described as being a perforated bed, and the language seem to plainly indicate that a bed containing perforations, on which the lemon is intended to rest, is claimed as one of the elements of the combination. This conclusion, that a perforated bed is an essential element in the combination claimed, is fortified by the language of the specification. Thus, it is there said:

"I make use of a convex bed or surface for the lemon to rest on. The same is perforated for the passage of the lemon juice." Again: "The perforated bed, *a,* is convex on its upper surface, and it is perforated with numerous holes. There is a rim, *b,* around the same to retain any juice and cause it to pass through the outer perforations." Again: "The perforated bed and concentrator will usually be cast in one piece."

This language, coupled with the language employed in each of the claims of the patent, renders it impossible to construe the patent otherwise than as a patent for a combination, one of whose essential elements is a bed on which the lemon is to rest while subjected to pressure, such bed having holes pierced therein for the purpose of permitting the juice of the lemon to pass through the bed and so into the concentrator below.

If this understanding of the patent be correct, I am unable to discover any infringement of the patent by the defendants' machine, for in the defendants' machine the bed on which the lemon rests while subjected to pressure has no perforations. In the defendants' machine the bed is solid, with a grooved or corrugated surface so constructed that it is impossible for the juice of the lemon to pass through the bed; but the same is, by means of the grooves in the surface of the bed, conducted to the edge of the bed, when it passes into the concentrator around the bed, running between the edge of the bed

and the rim of the concentrator. One machine is constructed to compel the juice to pass through the bed; the other to render it impossible for the juice to take that course. It has been contended in behalf of the plaintiff that the spaces which appear in the defendants' machine between the edge of the bed and the rim of the concentrator are perforations in the bed, within the meaning of the plaintiff's patent. But the word "perforation" conveys the idea of a hole through an article, and cannot, with propriety, be held to describe a space between two articles such as in the defendant's machine is left between the bed and the concentrator. To so read the plaintiff's patent would be to enlarge its scope by giving a strained interpretation to the language employed.

But it is again contended, in behalf of the plaintiff, that the use in defendant's machine of a bed for the lemon to rest on, located inside of the concentrator, with a space between the edge of the bed and the rim of the concentrator, is but the employment by the defendant of equivalent mechanism to accomplish the same result, and for that reason he must be held to infringe. In one sense the result is the same; that is to say, in both the machines the juice is squeezed out of the lemon and caught in a concentrator. But in one the juice is forced by the action of the presser directly through the bed to the concentrator below by means of perforations in the bed. In the other a different direction is given to the juice. It is forced to the edges of the bed, where, by force of gravity, it passes around the edge of the bed and then to the concentrator below. This change in combination is substantial, and not merely colorable, as appears by testimony introduced by the plaintiff, and also by testimony introduced by the defendant.

The plaintiff's witness Frank Stone who used the defendants' machine for some two weeks, squeezing about 300 lemons a day, sold that machine and bought one of the plaintiff's, because, as I understand the witness, the plaintiff's machine does not choke up so fast, nor require such frequent cleansing, as the defendants'. The defendants' witness Hall finds from actual experiment that the perforations in the bed of the plaintiff's machine render it more liable to clog than the defendants' machine, and more difficult to clean. Thus both sides, while they differ as to which machine is the better, agree that the machines perform the work differently. If the fact be, as both sides prove, that a difference exists between the operation of the two machines in respect to the liability to clog, and in the ease with which the machine can be kept clean, and if, as the plaintiff shows, this

difference of itself is sufficient to make the plaintiff's machine more useful when in actual and frequent operation, inasmuch as the only difference between the machines lies in the bed, the conclusion must follow that the substitution of the defendants' bed in place of the plaintiff's bed was more than a mere colorable change of form.

My opinion, therefore, is that none of the combinations claimed in the plaintiff's patent are to be found in the defendants' machine, and that the defendant cannot be held to have infringed the plaintiff's patent by the manufacture and sale of the lemon squeezer described in the bill.

The bill is accordingly dismissed, and with costs.